IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDDIE LEE HALLIBURTON

    Plaintiff,

v.                                                    CASE NO. 5:15-cv-14-RS-GRJ

O'BRYAN, et al.,

    Defendants

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's *pro se* amended complaint pursuant to 42 U.S.C § 1983.  Doc. 10.  Plaintiff previously has been granted leave to proceed as a pauper.  Doc. 5.  This case is before the Court for screening pursuant to 28 U.S.C. § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  For the reasons discussed below, Plaintiff's complaint fails to state a claim and, thus, is due to be dismissed.

## Allegations of the Complaint

Plaintiff claims that Defendant O'Bryan filed a false disciplinary report on him for masturbating in front of her while she was conducting count.  Plaintiff was found guilty of the charge based on O'Bryan's statements, and he was sentenced to sixty (60) days punitive confinement.  Plaintiff alleges that the other Defendants knew that Defendant

O'Bryan's disciplinary report was false, and yet they failed to act on that information. Plaintiff alleged that Defendant Lungford, who investigated the disciplinary charge, did not fully report what the videotape of the incident showed.  Plaintiff also contends that the videotape of the incident in question was not viewed at his disciplinary hearing. Rather than viewing the videotape, Plaintiff contends that the hearing team relied on Defendant Lungford's report of the tape. Plaintiff also contends that Defendant Taylor did not call Defendant Baker as a witness at the hearing, as Plaintiff requested. Plaintiff alleges that Defendant Madden knew the disciplinary charge was false, but told him "I am not going against my officers."

Plaintiff alleges that his due process rights have been violated, and seeks a declaratory judgment that his rights were violated, nominal and punitive damages, court costs and an injunction.  Doc. 10.

## Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961) (*overruled on other grounds by Monell v. Department of Social Servs.,* 436 U.S. 658 (1978))).

**Discussion**

With regard to the allegedly falsified disciplinary report, federal courts do not operate as appellate courts for prison disciplinary actions.  "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process."  *O'Bryant v. Finch*, 637 F.2d 1207, 1215 (11th Cir. 2011).  Because Plaintiff was found guilty, the only viable claims concerning a disciplinary report are claims asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate advance, written notice of the disciplinary charge, or an impartial hearing board.  *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994).

Although Plaintiff is asserting a procedural violation because he says he was denied a requested witness this claim, even if true, does not state a constitutional violation.  In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when

consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) (federal courts will not re-weigh the evidence, assess the credibility of the witnesses, or otherwise make a *de novo* review of the proceedings).

As Plaintiff was previously advised, his placement in disciplinary confinement for sixty days is not sufficient to trigger constitutional due process protections. *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection). Plaintiff does not have a liberty interest in being free from disciplinary confinement, and he does not allege that he has lost any gain time as a result of his disciplinary conviction, or that his term of imprisonment was altered in any other way, despite being advised by the Court in the order to amend that his previous complaint did not state a claim. Accordingly, because there is no constitutionally implicated liberty interest at stake, Plaintiff has failed to state a claim for a violation of his due process rights in connection with his disciplinary proceedings and time in confinement.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITH PREJUDICE** for failing to state a claim and the dismissal should

count as a strike pursuant to the 28 U.S.C. § 1915(g).

**IN CHAMBERS** this 12th day of May, 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.